UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-196-H

ROBERT H. FALLIN, et al.                                                                    PLAINTIFFS

V.

COMMONWEALTH INDUSTRIES, INC.
CASH BALANCE PLAN, et al.                                                                  DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiffs are a group of former employees of Commonwealth Industries, Inc. ("Commonwealth") who allege that various changes to Commonwealth's employee retirement benefit plan (the "Plan") adopted both in 1994 and 1998 violate ERISA. Defendants have moved to dismiss on the grounds that the applicable statute of limitations bars all claims. This requires the Court to determine (1) the applicable state law limitations period, (2) the time when any claim accrues and the statute begins to run under federal law, and (3) whether the running of the applicable statute of limitations would be tolled under any circumstances.

I.

      Plaintiffs' complaint alleges that the 1994 and 1998 amendments to the Plan, as well as the Plan's refusal to provide them with the amounts to which they claim entitlement under the plan as amended, violate § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Plaintiffs received their benefits in a lump sum upon their retirement between 1998 and 2002, but now seek injunctive and "other equitable" relief, arguing that the

amendments improperly reduced the amounts to which they believe they were entitled under the unamended plan, and that even under the amended plan, they were not provided with certain amounts to which they were entitled. Plaintiffs seek remedies under ERISA's enforcement provisions, 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

II.

Because ERISA contains no independent statute of limitations for claims of this sort,[1] federal courts must seek out "the most clearly analogous state statute of limitations." *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001). Plaintiffs argue that the fifteen (15) year limitation contained in Ky. Rev. Stat. § 413.090 applies; Defendants prefer the five (5) year limitation contained in Ky. Rev. Stat. § 413.120.

Here, Plaintiffs' complaint expressly alleges that Defendants' plan amendments violate various ERISA provisions. Thus, Plaintiffs' complaint arises more specifically from ERISA's statutory protections rather than from an independent promise or contract. *Cf. Salyers v. Allied Corp.*, 642 F.Supp. 442, 443–44 (E.D. Ky. 1986) (finding that "the most analogous statute [of limitations]" for an ERISA claim was not necessarily the fifteen (15) year limitation contained in Ky. Rev. Stat. § 413.090, even though "[s]everal circuits" have applied such statutes of limitations to ERISA actions, and even though "a strong argument can be made for characterizing an action brought under [ERISA] as one for breach of a written contract."). It is true that an ERISA claim can itself involve contractual elements because an ERISA plan contains a set of promises, often unilateral ones. Nevertheless, ERISA is a statutory edifice.

---

[1] ERISA imposes a statute of limitations (the earliest of six years from the last action constituting part of the breach or three years after the plaintiff acquired actual knowledge of breach; in cases of fraud or concealment, no more than six years after discovery of the breach) on actions alleging a breach of the fiduciary duties required by ERISA, 29 U.S.C. § 1113, but such allegations are not before the Court in this action.

Federal law applies to its enforcement. Indeed, Plaintiffs' case arises almost entirely from that statutorily created enforcement scheme, thus making Ky. Rev. Stat. § 413.120(2), which places a five-year limitation period on "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability," the clearly appropriate limitations period.

The same result obtains as to Plaintiffs' so-called "Level Income Option" claim, which alleges that the Plan's terms promised payment of certain benefits which have not been paid (as opposed to the other claims, which solely allege that the amended terms of the plan violate ERISA). Just as in Plaintiffs' other claims, this claim expressly invokes ERISA as providing its cause of action, explicitly stating that Plaintiffs seek relief "pursuant to ERISA § 502(a)(3)." This leads the Court to conclude that this claim is also most appropriately subjected to Ky. Rev. Stat. § 413.120(2)'s five-year statute of limitations.[2]

The Sixth Circuit's application of Michigan's, *Santino*, 276 F.3d at 776, and Ohio's, *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194–95 (6th Cir. 1992), fifteen-year contract statutes of limitations to ERISA cases does not change this Court's view. In neither case did the court face the question presented here: whether a statute covering liabilities created

---

[2] Other provisions of the Plan provide other, though less convincing reasons for a five-year limitation period. For example, the funds used to pay benefits are held in trust for the beneficiaries. Though "benefits under the Plan [may be provided] by means of an insurance contract or policy, such as a group annuity contract," the ultimate payor of benefits to beneficiaries is the trustee of the funds, a point Plaintiffs have not disputed. Thus this claim could also be characterized, as in *Salyers,* as "an action for damages for withholding personal property or...an action for detaining personal property," *Salyers*, 642 F. Supp. at 444, either of which would be subject to a five-year statute of limitations under Ky. Rev. Stat. §§ 413.120(5) and 413.120(6), respectively. Therefore even if the applicable statute of limitations for Plaintiffs' so-called "Level Income Option" claim is not that of Ky. Rev. Stat. § 413.120(2), it would certainly be that applicable to "[a]n action for the profits of or damages for withholding real or personal property," as articulated in Ky. Rev. Stat. § 413.120(5), or "[a]n action for an injury by a trustee to the rights of a beneficiary of a trust," as articulated in Ky. Rev. Stat. § 413.120(6), and so under any analysis the Court concludes that the five-year limitations period in Ky. Rev. Stat. § 413.120 is the "most clearly analogous state statute of limitations" for all of Plaintiffs' claims.

by statute or one covering contracts is most analogous.[3] Thus, the *Santino* and *Meade* logic is not particularly persuasive on this issue. Moreover, the limitations which ERISA does establish (for breaches of fiduciary duties) are more closely analogous to the five-year limit than is the fifteen-year contractual limit. For all these reasons, the Court believes that its choice of the five-year limit is well grounded.

III.

Determining the applicable statute of limitations is only the beginning of the analysis to determine whether Plaintiffs' claims are time-barred; the Court still must consider when Plaintiffs' claims accrued and whether the running of the statute can be tolled.

A.

Federal law determines the time that any cause of action would accrue, *Wallace v. Kato,* __ U.S. __, 127 S. Ct. 1091, 1095 (2007), and these claims will accrue when Plaintiffs "can file suit and obtain relief." *Cooey v. Strickland*, 479 F.3d 412, 419 (6th Cir. 2007). Here, there appear to be three general possibilities for the dates of accrual: (1) the date on which the most recent amendments to the Plan were adopted, (2) the dates on which Plaintiffs received their Plan benefits, the latest of which was March 18, 2002,[4] or (3) the dates in 2007 when Plaintiffs' administrative appeals were denied by the Plan administrator.

It is important to note that within the Sixth Circuit, an ERISA plaintiff generally must

---

[3]In *Meade*, Ohio had no statute equivalent to Ky. Rev. Stat. § 413.120(2). The Court's choices were whether to apply Ohio's statute of limitations regarding written contracts or to find instead that no analogous statute of limitations existed and to apply Ohio's statute of limitations regarding non-contractually-based injuries. *Meade*, 966 F.2d at 197. In *Santino*, the court similarly did not have before it the possibility of choosing to apply a statute such as Ky. Rev. Stat. § 413.120(2). *Santino*, 276 F.3d at 776.

[4]All Plaintiffs reportedly received their benefits in a lump sum, rather than spread over a number of years.

exhaust his administrative remedies prior to bringing a claim in federal court. *See, e.g., Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341 (6th Cir. 2000)*; Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991).[5] This so-called "exhaustion requirement" is more typically an issue where a defendant benefit plan invokes failure to exhaust as dictating dismissal of a plaintiff's ERISA suit. *See, e.g.*, *Fallick*, 162 F.3d at 417–18. Here, by contrast, it is Plaintiffs who invoke the exhaustion requirement and argue that no claim could have accrued until exhaustion had occurred.

One approach this Court might take is that urged upon it by Plaintiffs, who argue that because ERISA plan beneficiaries must exhaust their administrative remedies before seeking federal relief, their causes of action cannot (and in theory might never [6]) accrue until their administrative appeals are formally denied by the Plan administrator, and that such formal denial did not occur until March 2007. That is, the statute of limitations would never begin to run until after the exhaustion of administrative remedies, no matter how late such exhaustion occurred.

The Sixth Circuit disagrees with this approach to accrual, however. It has said that "[t]he rule governing when a cause of action accrues is the 'clear repudiation' rule. This rule provides that when a fiduciary gives a claimant clear and unequivocal repudiation of benefits[,] that alone

---

[5] Though exhaustion is generally a prerequisite to bringing suit in federal court, it is not <u>always</u> required. *See, e.g., Costantino v. TRW*, Inc., 13 F.3d 969, 974 (6th Cir. 1994) (acknowledging exceptions to "[t]raditional exhaustion principles, such as "when resort to the administrative route is futile or the remedy inadequate.") (internal citations omitted). Yet regardless of when or whether exhaustion is required, *Costantino* certainly does not stand for the proposition that the prospective plaintiff has the entire burden of determining whether and when the exhaustion requirement applies. Nor does it imply that it is appropriate to use the exhaustion requirement against a plaintiff in the manner urged by Defendant, i.e. by punishing a plaintiff for guessing incorrectly as to whether exhaustion is required.

[6] It is noteworthy that under the terms of the Plan, there appears to be no limitation period within which benefit claims must be brought before the Plan's administrator. *See* Plaintiffs' Response, Exhibit K, at 61.

5

is adequate to commence accrual, regardless of whether the repudiation is formal or not." *Morrison v. Marsh & McLennan Cos., Inc.*, 439 F.3d 295, 302 (6th Cir. 2006) (holding that a claim first brought in any form outside the relevant limitations period was time-barred). Most noteworthy about this language is the distinction it makes between a "clear and unequivocal repudiation of benefits" and a "formal" repudiation, which indicates that (A) the former is something different, and likely broader, than the latter, and (B) the former is the relevant point in time for purposes of accrual.[7]

Here, there can be no question that Plaintiffs received "clear and unequivocal" notice of the amount of benefits they would be receiving no later than when they received their lump-sum distributions. Any expectation of a sum greater than what was received was "repudiated" at that time, and could not reasonably have been maintained beyond that point. Plaintiffs received no further payments or indication that further payments would be forthcoming during the years between the lump-sum payments and the filing of this action. This Court finds it difficult to imagine how such a set of facts could constitute anything other than a "clear and unequivocal repudiation" of the "benefits" Plaintiffs now claim. Therefore, the Court finds that Plaintiffs' claims accrued at the time when each Plaintiff received his or her lump-sum payment.

B.

---

[7]In arriving at this conclusion, the Sixth Circuit cited to *Bennett v. Federated Mutual Ins. Co.*, 141 F.3d 837, 839 (8th Cir. 1998) ("an ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed when there has been a clear repudiation by the fiduciary which is clear and made known to the beneficiary") (internal quotations and citations omitted), and *Wilkins v. Hartford Life*, 299 F.3d 945, 949 (8th Cir. 2002) ("When an ERISA claim is governed by a state statute of limitations the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there was a repudiation by the fiduciary which is clear and made known to the beneficiary").

6

The Court must next resolve the seemingly inherent tension between the exhaustion requirement, which, as noted above, is also a well-settled principle within the Sixth Circuit, and the limitations period, which began running at the date of accrual just determined. To do so involves the issue of tolling, which is determined under state law.

The most reasonable reconciliation of these two equally important legal principles is as follows: where the administrative appeals process was commenced (but not yet exhausted) within the limitations period, the running of the limitations period should be tolled until that process is exhausted. *Cf. Hoffman v. Central States Se. & Sw. Areas Pension Fund*, 1992 WL 336376 (N.D. Ill. May 8, 1992) ("a policy favoring exhaustion of remedies is undermined unless the statute of limitations is tolled during the period of exhaustion"). Under this approach, any federal action that (A) follows an administrative action brought within the period of limitations, exclusive of any tolling period, <u>and</u> (B) is brought within the aggregate of the period of limitations plus any applicable toll, would be timely.[8] The Court emphasizes that a claim brought in federal court following an administrative appeal initially brought outside the relevant limitations period would not be able to seek protection from this rule, which should alleviate the Defendants' concerns regarding unending liability as to each potential plaintiff. *See, e.g., Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 326 (2d Cir. 2004) (noting that tolling "is an extraordinary remedy [which] if applied too liberally...threatens to undermine the purpose of

---

[8] Defendant argues that tolling the statute of limitations during the time period within which administrative appeals brought within the limitations period are exhausted (or otherwise extending the limitations period) "would mean that an administrative application for benefits first filed 20 years after Plaintiffs' [sic] admittedly received their lump sum pension distributions would render any subsequent ERISA court challenge as timely....[and] would also mean that [Plaintiffs] are in sole control of the commencement of the running of [the] limitations period, since they alone are in control when, and even if, they will file an administrative claim for benefits." Defendant's Reply at 10. The Court rejects this characterization, which ignores the Court's critical point that tolling is only justified where a plaintiff has taken action to commence his administrative appeal within the relevant limitations period.

7

statutes of limitations of allowing potential defendants predictability and ultimate repose").

Kentucky courts have never directly considered such a question. However, this Court's resolution creates the most equitable conciliation of the exhaustion and accrual concepts. It prevents the exhaustion requirement from eviscerating statutes of limitations; it is consistent with traditional ERISA principles, which seek to provide a federal forum for claims against employee benefit plans. It assures all of this without exposing employers and benefit plans to potentially limitless liability as to each and every beneficiary. Additionally, it parallels the approach taken in *Farrell v. Auto. Club of Mich.*, 870 F.2d 1129 (6th Cir. 1989), where the Sixth Circuit refused to hold that an ERISA claim filed in federal court was time-barred given that the same claim had been timely filed in state court under an apparent good faith (though inaccurate) belief that state court was the proper forum. *See also Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1964) (holding that a Federal Employers' Liability Act action filed outside the relevant limitations period was not time-barred where the same action had been timely filed in state court before being dismissed based on improper venue); *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir. 1980) (holding that a Title VII action filed outside the relevant limitations period was not time-barred where the same action had been timely filed in state court before being dismissed for lack of jurisdiction).[9] *Farrell's* logic, which might be characterized as giving credit to those who in

---

[9]Contrary to Defendant's assertions at oral argument, *Wallace* certainly does not foreclose the approach that this Court adopts. While *Wallace* does indeed note that state law is generally looked to for tolling rules, *Wallace*, __ U.S. at __, 127 S. Ct. at 1098, the Supreme Court seemed primarily troubled by the lack of authority, at the state level or elsewhere, for the idea of tolling "in even remotely comparable circumstances" to those before it in *Wallace*, and based on this lack of authority, the Supreme Court was unwilling to craft a tolling provision where doing so would create significant uncertainty. *Id.* at 1099.

Here, in contrast, the Sixth Circuit has evinced a willingness to toll statutes of limitations in analogous circumstances, and the clarity of the rule (which simply asks whether administrative appeals were commenced within the relevant statutory period), should minimize any concern that tolling will create the sort of confusion feared by the Supreme Court in *Wallace*. Therefore, the fact that Kentucky courts have not considered this issue should not prevent this Court from finding that a narrow allowance for tolling is appropriate.

good faith attempt to begin the process of challenging their benefit determinations within the relevant limitations period, reinforces this Court's view that tolling the limitations period for the duration of an administrative appeal filed within the relevant limitation period is appropriate. The Court is convinced that Kentucky courts would adopt such a fair and equitable tolling rule.

Defendant argues that it is unfair to allow a claimant to effectively extend the limitations period by filing a "last-minute" administrative appeal. *See, e.g., Farrell*, 870 F.2d at 1134 ("the primary purpose of statutes of limitations is to promote fairness to defendants by preventing prosecution of stale claims and the loss of relevant evidence and by encouraging diligence by plaintiffs") (internal citations omitted). Without tolling, however, plan officials could easily "run out the clock" on claimants by delaying an administrative review. Moreover, an administrative appeal filed late need not delay final resolution for an overly lengthy time, as experience shows that administrative appeals can be handled in a timely manner. An ERISA plan could address this particular concern by setting a reasonable time period within which a claimant must file an administrative appeal.[10] Finally, allowing some flexibility in the statute of limitations for seemingly good-faith efforts to comply is more likely to further "the broad remedial purpose of ERISA – protection of participants in private pension plans," *id,* than to result in significantly increased liability for Plan administrators and sponsors.

## IV.

This analysis leads the Court to conclude that any Plaintiff who failed at least to begin the process of appealing the determination of his or her benefit payment within five years of the date on which his or her claim accrued is barred from bringing this action. By this Court's reckoning,

---

[10]As noted above, this particular plan contains no such internal limitation. *Cf. Morrison*, 439 F.3d at 302 (upholding a limitations period articulated in an ERISA plan where it was reasonable) (internal citations omitted).

all Plaintiffs began their administrative appeals in late January of 2007, which means that with the exception of the claims of Plaintiff Donald Corley, all claims of Plaintiffs are time-barred, having begun more than five years from the date of their payments, which were issued between April 1998 and December 2001.

V.

Plaintiffs also argue that their claim for equitable relief under 29 U.S.C. § 1132(a)(3) is not barred on the substantive grounds asserted by Defendants. This Court concludes, however, that a recent Sixth Circuit decision bars all Plaintiffs' claims under this section. *See West v. A.K. Steel Corp.*, 484 F.3d 395 (6th Cir. 2007). These Plaintiffs have already received their benefits and are not in a position to claim injunctive relief, a remedy available only to others who have not "'cashed out' of their participation in the Plan." *Id.* at 403.

The parties have spent only a few pages arguing the merits of Plaintiffs' anti-cutback claims, and as a result the Court concludes that it is not well enough informed on this issue to rule at this time. The pending motions as to that issue are remanded for reconsideration at a later date.

The Court will enter an order consistent with this Memorandum Opinion.


cc:     Counsel of Record