UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-196-H

ROBERT H. FALLIN, et al.                                                                  PLAINTIFFS

V.

COMMONWEALTH INDUSTRIES, INC.
CASH BALANCE PLAN, et al.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have requested this Court to certify its Order of November 9, 2007 for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In that Order, the Court dismissed all claims of all Plaintiffs arising under 29 U.S.C. § 1132(a)(3), and all other claims of all Plaintiffs except for those of Plaintiff Donald W. Corley. The Court has had the benefit of the parties' oral and written briefing on the question of whether an interlocutory appeal is appropriate, and for the reasons that follow, it will deny the motion.

The Court based its November 9, 2007, Order on determinations that (1) "the most clearly analogous [Kentucky] statute of limitations,"*Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001), for an ERISA claim is the five-year period outlined in Ky. Rev. Stat. § 413.120(2); (2) the Sixth Circuit has distinguished between a "clear repudiation" and a "formal" repudiation of employee benefits, with the former being the relevant date for determining the moment of accrual of any claim based on that repudiation; (3) that Plaintiffs' benefit claims were clearly repudiated at the time of their lump-sum distributions, and (4) that principles outlined elsewhere in Sixth Circuit case law dictated applying tolling principles to the

claim of Plaintiff Corley. Plaintiffs wish to appeal the Court's determinations as to holdings (1)–(3).

A district court may, in its discretion, certify for appeal "an order not otherwise appealable" if it believes that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). As has been noted in language adopted by the Sixth Circuit, appeals under § 1292(b) are intended for use "only in exceptional cases" and are to be "sparingly applied." *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3d Cir. 1958)).

While the parties dispute whether any of the three prongs of this inquiry are satisfied, the Court finds the question of whether certifying the appeal might "materially advance the ultimate termination of the litigation" to be most dispositive. As the parties concede, the substantive claims brought by Plaintiff Corley are identical to those brought by the dismissed Plaintiffs.[1] The underlying issues of whether certain changes to Defendant's employee retirement benefit plan violate ERISA will therefore be resolved on a global basis by Plaintiff Corley's suit alone, regardless of whether or not Plaintiff Corley is part of a larger group of plaintiffs. As such, any interlocutory appeal of the Court's previous Order would do little, if anything, to "materially advance the ultimate termination of the litigation." Such "ultimate termination" is best advanced by adjudicating the substantive claims still pending before the Court in Plaintiff Corley's suit,[2]

---

[1] Of course, under the Court's November 9, 2007, Order, Plaintiff Corley's 28 U.S.C. § 1132(a)(3) claim has been dismissed along with those of the dismissed Plaintiffs; this holding is not among those Plaintiffs seek to appeal.

[2] The parties concede that such adjudication likely can be concluded within a matter of months.

rather than awaiting the Sixth Circuit's answer to the somewhat secondary question of whether more plaintiffs should be permitted to bring exactly the same claims as Plaintiff Corley.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for certification of an interlocutory appeal is DENIED.

IT IS FURTHER ORDERED that on or before **January 16, 2008**, the parties shall submit an agreed litigation plan.

cc:    Counsel of Record